**RECORD NUMBER: 13-4910**

# United States Court of Appeals
## *for the*
# Fourth Circuit

**UNITED STATES OF AMERICA,**

*Appellee,*

– v. –

**DEMETRIUS HILL,**

*Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA AT GREENSBORO**

# OPENING BRIEF OF APPELLANT

JONATHAN LEONARD
LAW OFFICE OF
  JONATHAN LEONARD
1171 West Fourth Street
Winston-Salem, NC 27101
(336) 748-0449

*Counsel for Appellant*

COUNSEL PRESS • VA – (800) 275-0668

# *TABLE OF CONTENTS*

TABLE OF CITATIONS ................................................................................. ii

INTRODUCTORY STATEMENT ............................................................... 1

STATEMENT OF JURISDICTION............................................................. 1

STATEMENT OF ISSUES FOR REVIEW ................................................. 1

STATEMENT OF THE CASE...................................................................... 2

      STATEMENT OF THE FACTS ........................................................ 3

SUMMARY OF THE ARGUMENT ............................................................ 5

ARGUMENT .................................................................................................. 6

      STANDARD OF REVIEW ................................................................ 6

      STATEMENT OF THE CASE ......................................................... 6

      I.    THE DISTRICT COURT ERRED BY DETERMINING THAT THE DEFENDANT/APPELLANT WAS AN ARMED CAREER CRIMINAL UNDER THE ARMED CAREER CRIMINAL ACT SUBJECTING HIM TO AN IMPROPERLY ENHANCED SENTENCE ............................. 7

      II.   THE DISTRICT COURT ERRED BY IMPOSING AN ENHANCED SENTENCE ON THE DEFENDANT/APPELLANT UNDER THE ARMED CAREER CRIMINAL ACT WHEN THE VIOLATION OF THE ACT WAS NEITHER CHARGED IN THE INDICTMENT NOR THE PREDICATE FELONIES PROVEN BEYOND A REASONABLE DOUBT ................... 11

CONCLUSION .............................................................................................. 13

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

## *TABLE OF CITATIONS*

### *CASE AUTHORITY*

Anders v. California, 368 U.S. 738 (1967) .................................................. 1, 3

Apprendi v. New Jersey, 530 U.S. 466 (2000) ............................................. 11

United States v. Letterlough, 63 F.3d 332 (1995) .............................. 6, 7, 8, 9

United States v. Cheek, 415 f.3d 349 (2005) .......................................... 11, 12

### *UNITED STATES CODE*

18 U.S.C. § 3741(a) ...................................................................................... 1

18 U.S.C. § 1291 ........................................................................................... 1

18 U.S.C. § 922(g) .............................................................................. 2, 6, 10

18 U.S.C. § 922(g)(1) ................................................................................ 2, 6

18 U.S.C. § 924(a)(2) ................................................................................ 2, 6

18 U.S.C. § 924(e) .............................................................................. 2, 6, 10

18 U.S.C. § 924(e)(1) .................................................................................... 8

### *UNITED STATES SENTENCING GUIDELINES*

USSG § 4A1.2(a)(2) ...................................................................................... 9

USSG § 4A.1.2(a)(2)(B) .......................................................................... 9, 10

### *FEDERAL RULES OF APPELLATE PROCEEDURE*

Rule 4(b), Federal Rules of Appellate Procedure ............................................ 1

## INTRODUCTORY STATEMENT

This brief is submitted on behalf of Demetrius Hill, the Defendant/Appellant in the court below. The Plaintiff/Appellee, the United States of America, was the Prosecution/Plaintiff in the court below.

After thorough research of the complete record of this case, counsel for the Defendant/Appellant has concluded that no meritorious issues can be raised on his appeal. Therefore, the instant brief is submitted pursuant to Anders v. California, 368 U.S. 738 (1967). Nonetheless, counsel has identified two issues that would normally be raised on appeal.

## STATEMENT OF JURISDICTION

The instant appeal arises from the criminal prosecution of Demetrius Hill (hereinafter "the Defendant/Appellant") in the District Court for the Middle District of North Carolina. Jurisdiction is conferred upon the Fourth Circuit Court of Appeals pursuant to 18 U.S.C. § 3741(a), 28 U.S.C. § 1291, and Rule 4(b), Federal Rules of Appellate Procedure.

## STATEMENT OF ISSUES FOR REVIEW

**I.     THE DISTRICT COURT ERRED BY DETERMINING THAT THE DEENDANT/APPELLANT WAS AN ARMED CAREER CRIMINAL UNDER THE ARMED CAREER CRIMINAL ACT SUBJECTING HIM TO AN IMPROPERLY ENHANCED SENTENCE.**

1

**II.     THE DISTRICT COURT ERRED BY IMPOSING AN ENHANCED SENTENCE ON THE DEFENDANT/APPELLANT UNDER THE ARMED CAREER CRIMINAL ACT WHEN THE VIOLATION OF THE ACT WAS NEITHER CHARGED IN THE INDICTMENT NOR THE PREDICATE FELONIES PROVEN BEYOND A REASONABLE DOUBT.**

## *STATEMENT OF THE CASE*

On August 27, 2012, the Defendant/Appellant was charged pursuant to a one-Count Indictment alleging violations of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2) Possession of a Firearm by a Convicted Felon. (PSR paragraph 1).

The Defendant/Appellant entered a plea of guilty to Count I on June 5, 2013, which was accepted by the court. (*See.* Plea Agreement, district court docket no. 19). On September 23, 2013, during the Defendant/Appellant's sentencing hearing, he was deemed to be an armed career criminal by the court pursuant to 18 U.S.C § 922(g). As such, the Defendant/Appellant's sentence was enhanced pursuant to 18 U.S.C § 924(e). The Defendant/Appellant was sentenced to 192 months imprisonment with five years supervised release on Count I. Further, the Defendant/Appellant was assessed a $100 special assessment. (*See,* Sentencing Hearing, district court docket no. 34). On December 4, 2013, the Defendant/Appellant filed notice of appeal. (*See.* Notice of Appeal, district court docket no. 27).

After thorough research of the complete record of this case, counsel for the Defendant/Appellant has concluded that no meritorious issues can be raised on his

2

appeal. Therefore, the instant brief is submitted pursuant to Anders v. California, 368 U.S. 738 (1967). Nonetheless, counsel has identified issues that would normally be raised on appeal.

**STATEMENT OF FACTS**

On April 10, 2012, after receiving information that drugs were being sold from 521 Oakland Place, officers with the High Point Police Department responded to the residence. The owner of the home, Jennifer Keys, agreed to let the officers enter to conduct a search of the residence. Two other adults, including the Defendant/Appellant, were present. (*See,* PSR paragraph 4). The search yielded heroin, marijuana, MDMA, drug paraphernalia, $3,000, and a Beretta .25 caliber handgun. (*See,* Factual Basis, district court docket no. 16). Officers found ammunition and a Smith & Wesson magazine in the house as well. (*See,* PSR paragraph 5). Brandi King, the other adult in the home, stated that the Defendant/Appellant owned the drugs and firearm. (*See,* Factual Basis, district court docket no. 16). The defendant was arrested for numerous violations, including what was charged in Count I of the Indictment. (*See,* PSR paragraph 6). The Defendant/Appellant initially denied ownership of the firearm. (*See,* PSR paragraph 7). However, on April 16, 2012, in a discussion with law enforcement, the Defendant/Appellant admitted that the .25 caliber Beretta was his and that he bought the firearm from an individual named "Don." (*See,* PSR paragraph 8).

3

According to ATF Special Agent Ernie Driver, the firearm was manufactured in the state of Maryland, which meant that it had traveled in, or affected interstate commerce. ATF task force officer Kyle Pratt tested the Beretta and determined that the gun was operational and capable of expelling a projectile by means of an explosive. (*See,* Factual Basis, district court docket no. 16).

The Defendant/Appellant had several felony convictions prior to the conduct that gave rise to the instant matter. The Defendant/Appellant had a 1995 conviction for Aggravated Battery with a Firearm and two 1996 convictions for Delivery of Cocaine. The events that led to the latter convictions occurred less than two months apart and both cases were decided on the same day. (*See,* PSR paragraphs 29-31).

The Defendant/Appellant entered a plea of guilty to Count I on June 5, 2013. (*See,* PSR paragraph 2). On September 23, 2013 the Defendant/Appellant was sentenced to 192 months imprisonment with five years supervised release on Count I. Further, the Defendant/Appellant was assessed a $100 special assessment. (*See,* Sentencing Hearing, district court docket no. 34). On December 4, 2013, the Defendant/Appellant filed notice of appeal. (*See.* Notice of Appeal, district court docket no. 21).

## *SUMMARY OF THE ARGUMENT*

The district court did not err when it determined that the Defendant/Appellant was an armed career criminal under the Armed Career Criminal Act (hereinafter "ACCA"). Although the United States Sentencing Guidelines (hereinafter "USSG") would have treated two of the three predicate felonies used to elevate the Defendant/Appellant to the status of an armed career criminal as a single offense, precedent suggests that the two incidents should be treated as separate occurrences, leaving the Defendant/Appellant subject to an ACCA sentencing enhancement.

Further, the district court did not err in failing to name the Defendant/Appellant's violation of the ACCA in the Indictment and failing to prove the predicate felonies beyond a reasonable doubt. Cases addressing this issue have concluded that the Government does not need to list the Defendant/Appellant's prior predicate felony convictions in the idictment or prove them beyond a reasonable doubt.

## *ARGUMENT*

I. THE DISTRICT COURT ERRED BY DETERMINING THAT THE DEFENDANT/APPELLANT WAS AN ARMED CAREER CRIMINAL UNDER THE ARMED CAREER CRIMINAL ACT SUBJECTING HIM TO AN IMPROPERLY ENHANCED SENTENCE.

II. THE DISTRICT COURT ERRED BY IMPOSING AN ENHANCED SENTENCE ON THE DEFENDANT/APPELLANT UNDER THE ARMED CAREER CRIMINAL ACT WHEN THE VIOLATION OF THE ACT WAS NEITHER CHARGED IN THE INDICTMENT NOR THE PREDICATE FELONIES PROVEN BEYOND A REASONABLE DOUBT.

## *STANDARD OF REVIEW*

When the sole issue on appeal concerns matters of statutory interpretation, a district court's conclusions are considered *de novo*. United States v. Letterlough, 63 F.3d 332, 334.

## *STATEMENT OF THE CASE*

The instant appeal arises from the prosecution and conviction of the Defendant/Appellant for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentecing, the Defendant/Appelant was deemed to be an armed career criminal under 18 U.S.C. § 922(g) and was subjected to an enhanced 180 month minimum to life sentence pursuant to 18 U.S.C. § 924(e). According to the Presentence Investigation Report, the Defendant/Appellant's total offense level was 31 with a criminal history category of VI, making the advisory Guideline range 188 to 235 months. The

Defendant/Appellant was sentenced to 192 months imprisonment with five years supervised release on Count I and was assessed a $100 special assessment.

The issues raised on appeal are whether the district court erred by determining that the Defendant/Appellant was an armed career criminal under the ACCA subjecting him to an improperly enhanced sentence, and whether the district court erred by imposing an enhanced sentence on the Defendant/Appellant pursuant to the ACCA when the violation of the ACCA was neither charged in the Indictment nor the predicate felonies proven beyond a reasonable doubt by the prosecution in district court.

## *ARGUMENT*

### I. THE DISTRICT COURT ERRED BY DETERMINING THAT THE DEFENDANT/APPELLANT WAS AN ARMED CAREER CRIMINAL UNDER THE ARMED CAREER CRIMINAL ACT SUBJECTING HIM TO AN IMPROPERLY ENHANCED SENTENCE.

In United States v. Letterlough, 63 F.3d 332 (1995), two of the three occurrences that led to convictions and armed career criminal status for Letterlough happened within one hundred minutes of each other. On July 31, 1990 the Letterlough sold crack cocaine to an undercover officer at 8:35 P.M., and on the same day, Letterlough sold crack cocaine to the same undercover officer at the same location at 10:15 P.M. Id. at 334. This Court felt that the two convictions "constituted two complete and discrete commercial transactions and, therefore, two separate and distinct episodes." Thus, the court held, "because Letterlough's three

7

convictions were committed 'on occasions different from one another,' his sentence was properly enhanced." Id. at 337.

Prior to rendering its' decision, This Court discussed the purpose for, and the intent of, enacting and enforcing the ACCA. It felt that "[t]he ACCA is a sentencing enhancement intended to punish recidivism." Id. at 334. Quoting the Sixth Circuit Court of Appeals, This Court said that with the ACCA, "Congress enacted legislation which imposes a mandatory minimum sentence for recidivists." Id. at 334 (citation omitted).

As This Court continued to examine the application of the statutory provisions, it stated:

> [I]n accord with this purpose, when a defendant is convicted of violating 18 U.S.C. § 922(g), the ACCA directs the district court to look at the defendant's criminal history, and, if appropriate, increase his sentence… to within a mandatory minimum range of fifteen years to life. 18 U.S.C. § 924(e)(1)&(2). A defendant is eligible for the enhancement if, prior to his conviction for violating § 922(g), he "has three previous convictions… for a violent felony or serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

Id. at 334.

This Court emphasized that, although the original language of the statute was initially silent on whether the criminal acts had to occur on separate occasions, cases prompted the addition of language to that effect. As Letterlough continues, This Court then cited a change in the government's position by quoting the

8

Solicitor General, who said, "Congress intended the statute to enhance punishment for multiple criminal episodes that were distinct in time, as opposed to multiple convictions arising out of a single criminal episode." Id. at 435.

However, the Presentence Investigation Report reveals that the USSG treats some prior sentences as one sentence. (PSR paragraph 30) The pertinent section states:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

USSG § 4A1.2(a)(2).

Thus, the Guidelines appear to be at odds with the ACCA when it comes to events leading to arrests that occur on separate occasions but are decided the same day. Nonetheless, although two predicate felonies may be considered a single sentence under USSG 4A.1.2(a)(2)(B), Letterlough suggests that they are to be treated as two separate offenses when the ACCA is triggered.

Here, the Defendant/Appellant had several felony convictions prior to the conduct that gave rise to the instant matter. The three felonies used to qualify the Defendant/Appellant for status as an armed career criminal were a 1995 conviction

9

for Aggravated Battery with a Firearm and two 1996 convictions for Delivery of Cocaine.  The events that became the latter two convictions occurred a few weeks apart and were decided on the same day. (*See,* PSR paragraphs 29-31).  According to the Presentence Investigation Report, the latter two convictions would constitute "a 'single sentence,' pursuant USSG § 4A.1.2(a)(2)(B)." (*See,* PSR pararaph 30)

Nonetheless, the district court felt that, although two of the three predicate felonies used to qualify the Defendant/Appellant as an armed career criminal pursuant to 18 U.S.C § 922(g) were decided on the same day, the Defendant/Appellant still met the requirements for being an armed career criminal. It reasoned that since all three predicate felonies had been committed on three separate occasions, the Defendant/Appellant qualified for an enhanced sentence under 18 U.S.C § 924(e) regardless of the date of conviction for the three felonies. (*See,* Sentencing Hearing, district court docket no. 34)

Deemed an armed career criminal, the minimum prison term for the Defendant/Appellant under Count I was 180 months and the maximum term of imprisonment was life.  With a total offense level of 31 and a criminal history category of VI, the advisory Guideline range was 188 to 235 months. (*See,* PSR paragraphs 55, 56).

The Defendant/Appellant was sentenced to 192 months imprisonment with five years supervised release on Count I and was assessed a $100 special

10

assessment. (*See,* Sentencing Hearing, district court docket no. 34) The Defendant/Appellant was sentenced to less than the maximum life term of imprisonment for being an armed career criminal and less than the 235-month advisory guideline maximum.

Therefore, the district court did not err in enhancing the Defendant/Appellant's sentence. Despite what the USSG would otherwise indicate, controlling precedent on the matter meant that the three predicate felonies occurred on three separate occasions. The Defendant/Appellant was determined to be an armed career criminal under the law and sentenced within the confines of the ACCA.

**II. THE DISTRICT COURT ERRED BY IMPOSING AN ENHANCED SENTENCE ON THE DEFENDANT/APPELLANT UNDER THE ARMED CAREER CRIMINAL ACT WHEN THE VIOLATION OF THE ACT WAS NEITHER CHARGED IN THE INDICTMENT NOR THE PREDICATE FELONIES PROVEN BEYOND A REASONABLE DOUBT.**

Generally, courts have concluded that prior felony convictions need not be proven beyond a reasonable doubt when a sentencing enhancement is sought. In Apprendi v. New Jersey, 530 U.S. 466 (2000), the United States Supreme Court said, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Further, in United States v. Cheek, 415 f.3d 349 (2005), This Court said, "[I]t is thus clear that the Supreme

11

Court continues to hold that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt… we are not free to overrule or ignore the Supreme Court's precedents." Id. at 352-53.

Here, although the the predicate felonies were not named in the Indictment to support the Defendant/Appellant's sentencing enhancement as an armed career criminal, Cheek clearly states that there is no requirement to name the prior felonies that anchor an armed-career-criminal enhancement in an Indictment. Although the prosecution did not prove the convictions that were used to elevate the Defendant/Appellant to the status of an armed career criminal beyond a reasonable doubt in district court, Cheek clearly states that such proof is not required by the Constitution.

In sum, no legal requirement exists to name the predicate felonies in an Indictment and prove them beyond a reasonable doubt. Thus, the district court did not err by enhancing the Defendant/Appellants sentence without naming the predicate felonies used to enhance it in the indictment and did not err by failing to prove the predicate felonies beyond a reasonable doubt.

## *CONCLUSION*

There are no meritorious legal issues that can be raised in this appeal.

This the 6th day of March, 2014

>Respectfully submitted,
>/s/Jonathan Leonard
>N.C. State Bar #29317
>1171 West Fourth Street
>Winston-Salem, 27101
>336/748-0449
>Fax: 336/748-0442

## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 13-4910      Caption: US v. Demetrius Hill

### CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

    This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [✓] this brief contains __2,595__ [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [ ] this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ ] this brief has been prepared in a proportionally spaced typeface using _____ [*identify word processing program*] in _____ [*identify font size and type style*]; **or**

    [ ] this brief has been prepared in a monospaced typeface using _____ [*identify word processing program*] in _____ [*identify font size and type style*].

(s) Jonathan Leonard

Attorney for Appellant

Dated: 3/6/2014

# CERTIFICATE OF SERVICE

I certify that on  March 6, 2014    the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

TERRY MICHAEL MEINECKE
OFFICE OF THE U.S. ATTORNEY
101 South Edgeworth Street
4th Floor
Greensboro, NC 27401
(336) 333-5351
USANCM.ECFCENTRAL@usdoj.gov

/s/ Jonathan Leonard                                3/6/2014
_____           _____
             Signature                                              Date